FILED

APR 2 4 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN E. SWENSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. SA-10-CA-00602-OLG |
| | § | |
| SCHWAN'S CONSUMER BRANDS | § | |
| NORTH AMERICA, INC., | § | |
| Defendant. | § | |
| | § | |

## ORDER GRANTING SUMMARY JUDGMENT

Before the Court is Defendant's motion for summary judgment (docket no. 54) and Plaintiff's response thereto (docket no. 59). This case arises out of alleged age discrimination under The Age Discrimination in Employment Act (ADEA) and The Texas Commission on Human Rights Act (TCHRA). *See* 29 U.S.C. § 623(a)(1); TEX. LAB. CODE ANN. § 21.051 (West 2006).

### I. BACKGROUND

Plaintiff, Steven Swenson, began working for Defendant in 1979 and worked there continuously until his termination in 2010 at the age of 56. Through his long career with the Defendant company, Plaintiff was promoted up to the position of District Sales Manager. In this position, Plaintiff reported to the Regional Sales Manager, William "Bill" Dale. Prior to becoming Regional Sales Manager, Dale was a District Sales Manager alongside Plaintiff. At the time that Dale recommended Plaintiff's immediate termination, Dale was 48 years old. The evidence is clear that Plaintiff had an excellent reputation in the company, was a good employee, had a strong work ethic, and in many respects, outperformed his peers.

1

According to Defendant, the decision to terminate Plaintiff was made due to his violation of the Defendant's vacation policy. Specifically, the Defendant's payroll department "red-flagged" the vacation time paid to one of Plaintiff's directly-reporting employees, and when investigated, it was determined by Defendant that Plaintiff had permitted a subordinate employee, Charles Foster, to take vacation time on days that he was not already scheduled to work. According to Defendant, Foster was on the company's standard six-day work week, and permitting him to be paid his vacation time for the one day that he was scheduled off allowed Foster to be paid for seven days' work weekly, and prevented him from taking significant time off to prevent fatigue and other ills. Plaintiff contends that he did not violate Defendant's policy and that Foster was not permitted to be paid for more than was permitted under company policy. Nevertheless, a human resources investigation took place, and Plaintiff was terminated.

## II. STANDARD

The well-established framework of proof in an employment discrimination case requires that a plaintiff carry the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989); *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). A plaintiff establishes a prima facie case of age discrimination by showing that: (1) he is in the protected class (between the ages of 40 and 70); (2) he was qualified for the position; (3) he was terminated from that position; and (4) he was replaced by a person not in the protected class or by someone younger. *Purcell v. Seguin State Bank and Trust Co.*, 999 F.2d 950, 957 (5th Cir. 1990); *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1504–05 (5th Cir. 1988). If the plaintiff proves these elements, a rebuttable presumption arises that the employer unlawfully discriminated. *Patterson*, 491 U.S. at 187.

2

The burden then shifts to the defendant to present evidence that the plaintiff was terminated for a legitimate, nondiscriminatory reason. *Id.* If this burden is met, the presumption disappears and the plaintiff has the opportunity to prove that the reason articulated by the employer was a mere pretext. *Id.*

In the summary judgment context, the Court does not make determinations regarding the credibility of the evidence because "the burden-of-production determination necessarily precedes the credibility-assessment stage." *St. Mary's*, 502 U.S. at 509. However, a plaintiff can only avoid summary judgment if the evidence produced to establish pretext "taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that age was a determinative factor in the actions of which the plaintiff complains." *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 374 n.23 (5th Cir. 2000). A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered reason is "unworthy of credence." *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir.2001). The plaintiff must provide "sufficient evidence to find that the employer's asserted justification is false." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir.2000) (quoting *Reeves*, 530 U.S. at 2109). Importantly, it is not enough that there is some evidence that would allow a jury to disbelieve the employer's proffered nondiscriminatory reason; rather, the evidence must be sufficient to enable a jury to believe the plaintiff's explanation of intentional discrimination. *See St. Mary's*, 509 U.S. at 519. "An employer is entitled to judgment as a matter of law on this ultimate question 'if the evidence taken as a whole would not allow a jury to infer that the actual reason for the [employer's decision] was discriminatory.'" *Vadie*, 218 F.3d at 372 (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir.1996) (en banc)).

## III. ANALYSIS

The Court finds (as Defendant assumed, *arguendo*, in its motion) that Plaintiff has established a prima facie case for age discrimination, thereby shifting the burden to Defendant to articulate a legitimate, non-discriminatory reason for the termination. The Court additionally finds that Defendant has satisfactorily met its burden of production on summary judgment with its contention that Plaintiff was terminated for violation of the company's vacation policy. The burden then shifts back to the Plaintiff to show by sufficient summary judgment evidence that Defendant's stated reason for the termination is merely pretext, or in the alternative, that there was a mixed motive, with age discrimination being one of the motivating factors. In order to establish pretext, Plaintiff points the Court to the following arguments, based on summary judgment evidence, which will be considered in turn: (1) the stated reason for termination was factually incorrect; specifically, no violation of company policy occurred, and regardless, the charge was insufficient to motivate discharge on its own; (2) discriminatory animus was displayed when Plaintiff was "made the butt of age-related jokes" by a member of the management team; (3) younger employees were treated more favorably in disciplinary decisions; and (4) Defendant failed to follow its own progressive disciplinary policy.

### A. Factual Accuracy of the Stated Reason for Termination

Citing, among other cases, *Laxton v. Gap Inc.*, 333 F.3d 572 (5th Cir. 2003), Plaintiff contends that the summary judgment evidence establishes that Plaintiff did not actually violate company policy and the stated reason was materially false because no violation occurred. *See id.* at 578 ("A plaintiff may establish pretext . . . by showing that the employer's proffered explanation is false or 'unworthy of credence.'"). Based on the *Laxton* line of cases, Plaintiff contends that merely showing that Defendant was incorrect in its determination of whether a

violation of company policy occurred is enough to establish pretext because "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation." *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). However, Plaintiff incorrectly interprets Supreme Court and Fifth Circuit precedent. Whether Defendant's actual evaluation was right or wrong is irrelevant—it is only whether the result of that evaluation (the determination that a violation occurred) was the motivating force behind the termination. *Laxton*, 333 F.3d at 578 (noting that for purposes of determining falsity in the summary judgment/pretext context, "[a]n explanation is false or unworthy of credence if it is not the real reason for the adverse employment action"). For example, an employer could believe that an employee was stealing from the company, and even if this was completely false, it would not make the employer's justification for terminating that employee worth any less credence. *See Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir.1993) ("To the extent that [plaintiff's] summary judgment evidence relates to his innocence of the sexual harassment charge, it is irrelevant. He must, instead, produce evidence demonstrating that [defendant] did not in good faith believe the allegations, but relied on them in a bad faith pretext to discriminate against him *on the basis of his age*." (emphasis in original)); *Deines v. Tex. Dep't of Protective and Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999) ("Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the [trier of fact's] province to decide. The single issue for the trier of fact is whether the employer . . . was motivated by discrimination."); *see also Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410–11 (7th Cir. 1997) (quotations and citations omitted) ("[W]hen an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not our province to

decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for plaintiff's termination.").

Even if the Court assumes, as Plaintiff claims, that the stated reason for termination was factually baseless, this amounts to no evidence that the Defendant did not *believe* that a violation occurred, or was otherwise convinced that something fishy was going on. Nor does it amount to any evidence whatsoever that there was a discriminatory intent in Plaintiff's termination.

In regard to Plaintiff's argument that the violation was insufficient to warrant termination on its own, the same rules discussed above are applicable. This Court and the ADEA do not exist to second guess the non-discriminatory decision-making of private businesses. *Deines*, 164 F.3d at 281.

### B. Discriminatory Animus

Plaintiff additionally contends that discriminatory animus was displayed in the work environment, establishing that age was a motivating factor in his termination. In support of this contention, Plaintiff points to two facts from the summary judgment record. First, that he was "made the butt of age-related jokes." Specifically, Plaintiff points to his own testimony that a peer District Sales Manager referred to him as "my disabled dad" to a hotel clerk, and requested that the waiter bring him "a senior citizen's menu" at a restaurant—both in the presence of Bill Dale, Plaintiff's immediate supervisor. The Fifth Circuit has repeatedly held that "stray remarks" do not demonstrate age discrimination. *See, e.g., Waggoner*, 987 F.2d at 1166 (a statement by a decisionmaker that an employee was an "old fart" and that a younger person could complete his work faster was a stray remark insufficient to establish age discrimination); *Guthrie v. Tifco Industries*, 941 F.2d 374, 378–79 (5th Cir. 1991) (holding that such "statements are too vague to be accepted as direct evidence of age-bias"); *Turner v. North American Rubber,*

*Inc.*, 979 F.2d 55, 59 (5th Cir. 1992) (vague and remote remarks cannot establish age discrimination). In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee. *Bodenheimer v. PPG Industries Inc.*, 5 F.3d 955, 958 (5th Cir. 1993); *see Guthrie*, 941 F.2d at 378–79 (statement that founder of company suggested to his son that he needed "to surround himself with people his age" is not probative of age discrimination); *Turner*, 979 F.2d at 59 (comment that an employee needed "three young tigers" to assist with operations is not probative of discrimination); *Cone v. Longmont & United Hosp.*, 14 F.3d 526, 529 (10th Cir. 1994) (age-related comment by non-decisionmakers are not material to showing employer's age discrimination).

However, the Fifth Circuit has been clear that in summary judgment analysis, courts should take a "cautious view" of such remarks, and they should be evaluated along with other evidence tending to show pretext. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003). Such remarks "are appropriately taken into account when analyzing the evidence . . . even where the comment is not in the direct context of the termination and even if uttered by one other than the formal decision maker, provided that the individual is in a position to influence the decision." *Id.* The Fifth Circuit has also made clear, however, that standing on its own, evidence of such remarks will not be sufficient to survive summary judgment. *Id.* ("[S]o long as remarks are not the only evidence of pretext, they are probative of discriminatory intent.").

Second, Plaintiff points to the testimony of Charles Foster (the employee alleged to have inappropriately taken vacation time) in which he claimed that "Mr. Dale did not like Mr. Swenson because he wanted a young lap dog who he could control better." This statement is

speculative, conclusory, and not supported by any other evidence in the record. Though this Court is not tasked with determining the credibility of the evidence on summary judgment, such statements are deemed, as a matter of law, to be of no probative value whatsoever. *See Hathcock v. Acme Truck Lines, Inc.*, 262 F.3d 522, 526–27 (5th Cir. 2001) (noting that unsupported, conclusory testimony does not create a factual dispute sufficient to defeat a motion for summary judgment); *Kampen v. American Isuzu Motors, Inc.*, 157 F.3d 306, 318 (5th Cir. 1998) (same).

### C. Disparate Treatment of Younger Employees

Next, Plaintiff contends that younger employees were treated more favorably in disciplinary situations. He notes first, that his supervisor Bill Dale was disciplined—but not terminated—for sending "inappropriate" e-mails to co-workers, and second, that a younger employee who became intoxicated and made inappropriate comments at a company event was not disciplined at all.

"[T]o establish disparate treatment a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." *Okoye v. University of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (internal quotations and brackets omitted). In determining if two employees are similarly situated, the Court considers, among other things, whether Plaintiff's conduct that drew the adverse employment decision was "nearly identical" to that of the comparators who allegedly drew dissimilar employment decisions. *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). "If the 'difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer,' the

employees are not similarly situated for the purposes of an employment discrimination analysis." *Id.* 260 (quoting *Wallace v. Methodist Hosp. Syst.*, 271 F.3d 212, 221 (5th Cir. 2001)).

In this case, the conduct alleged of the Plaintiff's younger co-workers is completely removed from that alleged of the Plaintiff himself.  Specifically, Plaintiff was accused by Defendant, essentially, of being dishonest and causing actual cash to vacate the company's coffers, while Plaintiff's co-workers are accused of, at worst, being rude and immature.  The alleged conduct of Plaintiff's co-workers is therefore not appropriate for a determination as to disparate treatment, and is wholly without any probative value as to Defendant's age discrimination. *See id.*

### D. Failure to Follow Disciplinary Procedures

Finally, Plaintiff contends that Defendant failed to follow its own disciplinary procedures, specifically failing to give him the benefit of the progressive discipline policy.  The Fifth Circuit has observed that failing to follow such policies can permit a trier of fact to infer discriminatory intent.  *See e.g., Blow v. San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001). However, an employer's "disregard of its own [policies] does not of itself conclusively establish that improper discrimination occurred or that a nondiscriminatory explanation for an action is pretextual." *Risher v. Aldridge*, 889 F.2d 592, 597 (5th Cir.1989); *see also Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir.). "[T]he ADEA was not created to redress wrongful discharge simply because the terminated worker was over the age of forty.  A discharge may well be unfair or even unlawful and yet not be evidence of age bias under the ADEA." *EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1182 (5th Cir. 1996).

In the present case, Plaintiff demonstrates no nexus between the alleged failure to institute a progressive disciplinary policy and a discriminatory intent, and regardless, the

evidence on summary judgment does not support Plaintiff's position that such a policy was applicable to him. The only evidence in the record to support this contention is the employee handbook—which specifically notes that the policy is optional—and testimony indicating that it might be appropriate in "some cases." Because, Plaintiff failed to establish that such a policy was applicable to him, no reasonable trier of fact could find that Defendant departed from their normal policy in his case.

## IV. CONCLUSION

Plaintiff has failed to produce evidence that, taken as a whole, creates a fact issue as to whether Defendant's stated reason for termination was what actually motivated Defendant, and, likewise, has failed to create a reasonable inference that age was a determinative factor in the actions of which he complains. *See Vadie*, 218 F.3d at 374 n.23. The only evidence tending to indicate that discrimination may have been a factor in Plaintiff's termination were the otherwise "stray remarks" by Plaintiff's peer employee. As the Court has previously noted, to survive summary judgment, these remarks cannot form the sole basis for Plaintiff's demonstration of pretext. *See Palasota*, 342 F.3d at 577. For the foregoing reasons, the Court finds that Plaintiff has failed to meet his burden in establishing pretext.

Accordingly, Defendant's motion for summary judgment (docket no. 54) is in all things GRANTED.

SIGNED this 24 day of April, 2012.

United States District Judge Orlando L. Garcia